

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRST NATIONAL BANK OF
LaGRANGE, as Next Friend and
Special Administrator of the
Estate of Louis Montes, a
Minor,

    Plaintiff,

v.

UNITED STATES OF AMERICA and
WEST SUBURBAN MEDICAL CENTER,
INC.,

    Defendants.

Case Nos. 06 C 4768
          07 C 2820

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States's (hereinafter, "United States") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Motion to Allow Limited Discovery (No. 06 C 4768).

For the reasons given below, Defendant's Motion is **granted** and Plaintiff's motion is **denied**. The consolidated case against the remaining defendant, West Suburban Medical Center (No. 06 C 4768), is remanded back to the Circuit Court of Cook County.

### I.  BACKGROUND

On December 16, 2005, Plaintiff Montes (hereinafter, "Montes"), filed an action in state court against West Suburban Hospital Medical Center, Inc. (hereinafter, "West Suburban"), and Dr. Tony Hampton (hereinafter, "Hampton"), alleging that the acts and omissions of

various health care providers between September 2 - 4, 2002 caused him injuries at his birth. The case was removed to this court on September 1, 2006, at which time the United States was substituted for Dr. Hampton pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679(d)(1). With the United States as a defendant, the claim was deemed an action under the Federal Tort Claims Act (the "FTCA"). On November 14, 2006, Montes filed an administrative claim with the Department of Health and Human Services ("DHS"). The agency denied the claim, and Montes filed the instant case.

## II. **DISCUSSION**

An action under the FTCA shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Moreover, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

The statute of limitations "begins to run on the date when the plaintiff discovers that he has been injured by an act or omission attributable to the defendant." *Goodhand v. U.S.*, 40 F.3d 209, 214 (7th Cir. 1994); see *U.S. v. Kubrick*, 444 U.S. 111, 122-24 (1979). Here, Montes's cause of action accrued on the date of his birth, September 4, 2002, because his parents knew that he was injured by acts or omissions attributable to Dr. Hampton and various other

employees of West Suburban Medical Center. *See* Compl. ¶¶ 3, 5, 9-12; *Goodhand*, 40 F.3d at 212.

Because Montes did not file his administrative claim until November 14, 2006, more than four years after his claim accrued, his claim against the United States is "forever barred." 28 U.S.C. § 2401(b).

Furthermore, "the FTCA's statute of limitations is not tolled during the period of a putative plaintiff's minority," *McCall ex rel. Estate of Bess v. U.S.*, 310 F.3d 984, 988 (7th Cir. 2002), and the FTCA's savings provision does not apply here, *see* 28 U.S.C. § 2679(d)(5).

### III. CONCLUSION

For the reasons stated herein, Defendant United States's Motion to Dismiss is **Granted**. Plaintiff's Motion to Allow Limited Discovery is **Denied**, since the proposed discovery is irrelevant to the issue of the limitations period. The consolidated case (No. 06 C 4768) is remanded back to the Circuit Court of Cook County.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

**DATE:** January 29, 2008